# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARY OLIPHANT (#N-23082), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 3876 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| COOK COUNTY DEP'T OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gary Oliphant, an inmate incarcerated at Western Illinois Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff alleges that the Defendants, Doctors Dunlap and Patel, Aramark Correctional Service, Inc. (hereinafter, "Aramark") and Carreen McGee, violated his constitutional rights by being deliberately indifferent to a serious medical condition with respect to his specially prescribed "restricted" diet, among other reasons. (See Plaintiff's complaint, p. 7).

He alleges that he suffers from high cholesterol, that although prescribed a restricted diet, the one he received contained the wrong foods, adversely effecting his cholesterol levels. He further alleges that Defendants denied him constitutionally adequate care for his various ailments. On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff stated a claim for deliberate indifference to a serious medical need against these four Defendants. Plaintiff had named Cook County Department of Corrections and Jean Kiriazes, a supervisory

medical officer at Cermak Health Services, but they were dismissed as Defendants on March 31, 2010, on initial review pursuant to 28 U.S.C. § 1915A.

Presently before the Court is Aramark's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim. In its motion, Aramark argues that Plaintiff's Amended Complaint is deficient because Plaintiff makes merely conclusory allegations and does not satisfactorily plead deliberate indifference. For the reasons stated in this order, Defendant's motion to dismiss is denied.

*Pro se* complaints should be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

# BACKGROUND

Plaintiff alleges the following facts, which are accepted as true for purposes of the Motion to Dismiss. Plaintiff is incarcerated at Western Illinois Correctional Center. He suffers from chronic high cholesterol, for which he was prescribed a restricted diet when he was a pre-trial detainee at the Cook County Jail. *See* Plaintiff's complaint. Plaintiff further alleges that he did no receive the restricted diet due to "miscommunication referred to as deliberate indifference." *See* Plaintiff's complaint, p.8.

Plaintiff alleges that the wrong content of the meals he was provided have adversely impacted him. *Id*. at p. 9. Plaintiff specifies three dates on which his restricted diet prescription was not sent to Aramark. *See* Plaintiff's complaint p. 10. He further alleges that the follow-up on his restricted diet forms was handled inappropriately. *Id*.

Plaintiff also alleges that when he was received into the Illinois Department of Corrections, he was diagnosed with very high cholesterol, and he has been tested and that the tests have shown that being denied the prescribed diet has had an adverse impact on his cholesterol levels. *Id*. at pp. 9-10.

# ANALYSIS

**A.  Plaintiff has Adequately Pled Deliberate Indifference as to Aramark.**

Because Plaintiff was a pretrial detainee at the time in which he alleges his rights were violated, his conditions of confinement claim must be analyzed under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 (1979).[1] Since "a detainee may

---

[1] If Plaintiff's allegations took place before he was given a hearing pursuant to *Gerstein v. Pugh*, 420 U.S. 103 (1975), then his allegations must be analyzed under the Fourth Amendment. "[T]he protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, [the Fourteenth Amendment's] due process principles govern a pretrial detainee's

not be punished prior to an adjudication of guilt in accordance with due process of law[,]" the Court inquires whether the alleged conditions amount to punishment of the detainee. *Id*. The Seventh Circuit has indicated, however, that conditions-of-confinement claims by pretrial detainees are to be analyzed under the same standards that apply to convicted prisoners under the Eighth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 844 n.2 (7th Cir. 1999).

Though some of the Seventh Circuit's decisions suggest that the Fourteenth Amendment might conceivably provide a greater level of protection to pretrial detainees than the Eighth Amendment provides to convicted prisoners, *see, e.g., Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999) (stating that "the protections extended to pretrial detainees … are at least as extensive as the protections … extended to prisoners"), in the particular circumstances of this case, the standard makes no practical difference. Accordingly, the Court will analyze Plaintiff's claims under the standard that applies in Eighth Amendment conditions-of-confinement cases.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897, 117 S. Ct. 244, 136 L. Ed. 2d 173 (1996). An official is deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of

---

conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction. *See Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). However, in the present case, under either the Fourth Amendment or Fourteenth Amendment Due Process Clause, the result would be the same with respect to the sufficiency of Plaintiff's pleading.

serious harm" to the inmate. *Farmer*, at 842.  The courts that have specifically dealt with the issue of medically prescribed diets have indicated that claims regarding denial of medically prescribed diet and medications for inmates suffering from diabetes and high cholesterol are sufficiently serious for pleading purposes to state a cause of action.  *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *see also Bell v. Osafo*, (No. 07 C 1288) 2010 U>S> Dist. LEXIS 84807 (C.D.Ill. August 18, 2010) (Baker, J.).  The Court makes no comment as to Plaintiff's likelihood of success on his deliberate indifference claims.  It will be his responsibility to establish that he has suffered some physical injury as a result of the alleged deliberate indifference.  However, for pleading purposes, his claims suffice.

Plaintiff has pled that he suffers from chronic high cholesterol and that he was prescribed a special diet.  He claims that he did not receive the diet due to "miscommunication" amounting to deliberate indifference.  Defendant, in its motion to dismiss, argues that Plaintiff, in his complaint, specifies only three dates (August 14, 2008, October 4, 2008, and November 26, 2008). The Court reads these dates not as dates Plaintiff did not receive his restricted diet, but dates on which Dr. Patel failed to send Plaintiff's diet prescription to Aramark.  As such, those dates apply to whether Dr. Patel was deliberately indifferent and not to Aramark.  Additionally, Plaintiff alleges that the restricted diet forms were not followed up appropriately and that the food content of the meals he did receive caused him bodily injury.  Reading Plaintiff's complaint liberally, as it must, at this point in the litigation, the Court finds that Plaintiff has adequately stated a cause of action for deliberate indifference as to Aramark.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [#37] is denied. Aramark is given 30 days to answer the amended complaint, or otherwise plead.

Dated: September 28, 2010

Virginia M. Kendall
United States District Court Judge